Gerald L. Cooley Lawrence City Attorney 201 Mercantile Bank Tower 900 Massachusetts Street Lawrence, Kansas 66044-2868
Dear Mr. Cooley:
As city attorney you request our opinion concerning an initiative petition which proposes to establish term limitations for the Lawrence city commission. The proposed ordinance also directs the city clerk to contact certain state and federal representatives for the purpose of urging them to support term limitations for members of the state legislature and Congress.
Your questions and our responses thereto follow.
1. WHAT IS THE EFFECT WHEN THE INITIATIVE ORDINANCE AND ACCOMPANYINGPETITION DO NOT PRESENT THE PROPOSED ORDINANCE IN THE FORM OF A QUESTIONAS REQUIRED BY K.S.A. 25-3602(b)(1) AND K.S.A. 25-620?
K.S.A. 25-3602(b)(1) provides, in relevant part, as follows:
 "(b) Each petition shall, unless otherwise specifically required: (1) State the question which petitioners seek to bring to an election in the form of a question as it should appear upon the ballot in accordance with the requirements of K.S.A. 25-620 and amendments thereto;"
K.S.A. 25-620 states, in relevant part, as follows:
 "On the ballot there shall be printed the proposition or question to be voted on. Each proposition or question shall be preceded by the words, `Shall the following be adopted?'"
We have consistently interpreted the provisions of K.S.A. 25-3602 as mandatory and, therefore, those provisions cannot be disregarded at will. Attorney General Opinions No. 92-103, 85-160, 86-19, 86-51, 91-94, 90-71, 90-64. The petition must clearly state the question which petitioners seek to bring to an election. A statement requesting the governing body to take certain action will not meet this obligation. Attorney General Opinions No. 91-94, 90-71, 90-64, 86-19, 85-160, 82-230.
It is our opinion that the petition at issue does not fulfill the requirements of K.S.A. 25-3602 and is, therefore, invalid because it does not state the question which petitioners seek to bring to an election.
2. IS SECTION 2 OF THE PROPOSED ORDINANCE LEGISLATIVE ORADMINISTRATIVE?
The proposed ordinance states, as follows:
"I. Lawrence Term Limit Ordinance
"Be it ordained by the governing body of the city of Lawrence:
"Section 1: Notwithstanding any other provisions of the law to the contrary, no person shall be eligible to be elected to or serve in the office of city commissioner for more than 2 consecutive 4 year terms and no more than 3 consecutive terms regardless of the length of the terms. After serving the maximum allotted time in office one must remain out of office for a period of at least 4 years in order to again become eligible to hold the office of city commissioner. Service as a city commissioner prior to the adoption of this section shall not count in determining length of service.
"Section 2: The City Clerk is hereby instructed to contact in January prior to each state legislative session, exactly as he would if so instructed by the City Commission, in writing, all state legislators and Members of the United States Congress who have constituents within the city limits of Lawrence and instruct them that it is the resolute desire of the citizens of the city of Lawrence that term limits be enacted by the legislature of Kansas and the United States Congress, and that the maximum consecutive tenure in office be no more than six years (three terms) in the United States House of Representatives, no more than twelve years (two terms) in the United States Senate, no more than eight consecutive years in either the Kansas State Senate or the Kansas House of Representatives. The people of the city of Lawrence hereby instruct all state and federal legislators, representing any part of this city individually do their utmost to promote and pass binding legislation or a constitutional amendment enacting the term limits specified in this section. The instruction shall remain in effect for as many years as are required to effect these changes, and shall so state on its face.
"Section 3: The provisions of this section are hereby held to be severable and if any be held invalid, the remainder shall stand."
K.S.A. 12-3013 provides a procedure whereby a city's electors may initiate by petition any proposed ordinance. However, the statute does not apply to administrative ordinances and certain other ordinances which are not relevant to this opinion. In Attorney General Opinion No. 81-252, we concluded that a proposed ordinance which contains both legislative and administrative provisions is not a proper subject of an initiative petition and may not be submitted to a referendum under K.S.A. 12-3013.
The question that we must decide is whether sections 1 and 2 are administrative or legislative in nature. If one of the sections is administrative, the initiative petition may not be submitted to a referendum.
The Kansas appellate courts have tended to confine the operation of the initiative and referendum statute "with a considerable degree of strictness" to measures which are "quite clearly legislative and not principally executive or administrative." City of Lawrence v. McArdle,214 Kan. 862, 867 (1974). The most recent supreme court pronouncement on the legislative-administrative dichotomy is found in City of Wichita v.Kansas Taxpayers Network, Inc., 265 Kan. 534, 539 (1994). Those guidelines are summarized as follows:
 "(1) An ordinance that makes new law is legislative; while an ordinance that executes an existing law is administrative. Permanency and generality are key features of a legislative ordinance.
 "(2) Acts that declare public purpose and provide ways and means to accomplish that purpose generally may be classified as legislative. Acts that deal with a small segment of an overall policy question generally are administrative.
 "(3) Decisions which require specialized training and experience in municipal government and intimate knowledge of the fiscal and other affairs of the city in order to make a rational choice may properly be characterized as administrative, even though they may also be said to involve the establishment of policy.
 "(4) No one act of a governing body is likely to be solely administrative or legislative, and the operation of the initiative and referendum statute is restricted to measures which are quite clearly and fully legislative and not principally executive or administrative."
Applying these guidelines it is our opinion that section 1 of the proposed ordinance is legislative because it proposes a new law that creates an additional qualification for running for the city commission. However, section 2 is administrative because it deals with a small segment of the overall policy of establishing term limitations. It is also not permanent in character because it expires when term limitations are established for state and federal legislators.
In light of the fact that section 2 is administrative, the petition may not be submitted to a referendum. Our opinion is not changed because of the severability provision found at section 3. The petitioners may have had doubts concerning whether section 2 would pass muster under K.S.A.12-3013 and, consequently, inserted a severability clause in hopes that section 1 would be found valid in spite of the fact that section 2 was not.
The purpose of a severability clause in an ordinance or statute is to declare an intent that each part of an enactment stands or falls on its own merit regardless of the other provisions. If one section of the ordinance is determined to be invalid, the remaining section is valid if the sections are independent from one another. McQuillin, MunicipalCorporations, sec. 20.65 (3rd ed.). However, it is our opinion that this rule of ordinance/statutory construction can only apply to ordinances and statutes that have been enacted. This rule is not applicable to a "proposed ordinance" that must be presented to the electorate in the same form as it appears on the petition. [K.S.A. 12-3013(a) prohibits any alteration from the language as it appears in the petition.] If the rule were otherwise the city would have no choice but to place on the ballot a provision which is clearly invalid. The electorate would be able to vote on such a measure and then be advised after the election that one of the provisions they approved was — in actuality — invalid. This result would not only be absurd but would violate K.S.A. 12-3013's prohibition on the use of the initiative petition for administrative ordinances.
Consequently, it is our opinion that a severability clause in a proposed ordinance submitted under K.S.A. 12-3013 is ineffective to sever administrative provisions from legislative provisions.
3. WHAT EFFECT, IF ANY, WOULD THE PROPOSED ORDINANCE HAVE UPON ORDINANCENO. 1-201 [WHICH ADOPTS K.S.A. 12-1005(e)] CONCERNING TERMS OF OFFICE FORCITY COMMISSIONERS? WOULD THE PROPOSED ORDINANCE REPEAL SECTION 1-201,AMEND IT, OR SIMPLY EXIST IN ADDITION TO IT.
Lawrence is a city of the first class with a commission-city manager plan of government found at K.S.A. 12-1001 et seq. K.S.A. 12-1006 and12-1017 provide that the qualifications and term of office for city commissioners follow the general law for the commission form of government in cities of the first class. K.S.A. 13-1501 et seq. establish the commission form of government for cities of the first class. The qualifications for commissioners are found at K.S.A. 13-1801, which provides, in relevant part, as follows:
 "The mayor and each of said four commissioners shall be a citizen of the United States and a qualified elector of such city. . . ."
The city has not used its home rule power to charter out of K.S.A.13-1801 so this provision controls eligibility requirements for running for a position on the city commission. [Ordinance No. 1-201 states that there will be five commissioners whose terms of office "shall be as provided by law" — which we conclude refers to K.S.A. 12-1005(e) which prescribes 2 four year terms and 3 two year terms of office.]
A limit on the number of terms of office one can serve is a qualification for running for the city commission. Attorney General Opinions No. 94-108, 93-224, 78 Cornell L.Rev. 966, 977 (1993); 26 Creighton L.Rev. 321, 350 (1993).
If this proposed ordinance is submitted with the appropriate changes and the electorate votes favorably, the ordinance would not affect ordinance no. 1-201 because commissioners would still serve their four or two year terms according to K.S.A. 12-1005(e). The effect of any term limitation ordinance would simply be to add another qualification for running for office. In short, the candidate would have to establish that he or she is a United States citizen, a qualified elector of the city and had not served as a commissioner for more than two consecutive four year terms and no more than three consecutive terms unless a four year period had passed when the candidate was out of office. If those three requirements are met and the candidate wins, he or she will serve either a four year term or a two year term in accordance with K.S.A. 12-1005e.
Summarizing our opinion, we conclude that the petition does not fulfill the requirements of K.S.A. 25-3602 and is, therefore, invalid because it does not state the question which the petitioners seek to bring to an election. The proposed ordinance contains legislative and administrative provisions, and, therefore, is not the proper subject of an initiative petition and may not be submitted to a referendum. The severability clause is ineffective to sever the administrative provision from the legislative provision.
Finally, a proposed ordinance which establishes term limitations will not affect a Lawrence city ordinance establishing terms of office because a term limitation acts as a qualification for running for office.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm